The court will proceed to the 5th case, Fast v. Cash Depot. Good morning. Good morning, Your Honors. May it please the court. My name is James Walczewski and I represent the plaintiff appellant, Timothy Fast. Mr. Fast is a prevailing party under the Fair Labor Standards Act because the district court traditionally sanctioned a change in the party's legal relationship at summary judgment. On November 7, 2017, the district court ruled on the merits of this case determining that Cash Depot owes Mr. Fast his unpaid overtime plus his reasonable attorney's fees and costs. By virtue of that decision on the merits explicitly calling for the same, Mr. Fast is a prevailing party who is entitled to his reasonable attorney's fees and costs. Thus, one year later, on November 7, 2018, when the district court mistakenly claimed they had previously denied summary judgment, denied Mr. Fast his reasonable attorney's fees and costs, and dismissed his claims under the Fair Labor Standards Act, the district court committed a reversible error. For such reasons, this court shall overturn the district court's November 7, 2018, decision and order and remand this case for determination and award of Mr. Fast's reasonable attorney's fees and costs and the entry of judgment in his favor. In its initial pleadings to the district court, Cash Depot categorically denied any and all liability to Mr. Fast as well as the Putative Collective. It affirmatively alleged that it properly paid Mr. Fast and the Putative Collective all monies owed under the Fair Labor Standards Act and requested dismissal of Mr. Fast's claims and its attorney's fees and costs for having to defend against the same. Subsequently, at summary judgment, the district court ruled in Mr. Fast's favor, finding the Cash Depot liable to him for his unpaid overtime plus his reasonable attorney's fees and costs. Thus, there can be no question that Mr. Fast is prevailing party. The district court ruled on the merits in his favor and granted him relief that he sought, at least partial relief that he sought, by virtue of filing his complaint against Cash Depot. But this statute we're dealing with here, right, is not one that uses that term. That's correct. Right, it uses, it's this any judgment formulation. Right, and oddly enough, and I don't have an explanation for it, I tried to find one, believe me, courts don't construe it as narrowly as it would read. This circuit, courts around the country have used the prevailing party standard to determine whether a plaintiff is a prevailing party, such that he is entitled to his reasonable attorney's fees and costs. I have not been able to determine the genesis of that decision, but that's how the statute has been construed by the court, including the circuit. This circuit standard was set forth in Connolly v. National School Bus Service, Inc., when it said that a plaintiff is a prevailing party if she has achieved some success in the merits and can point to a resolution that has changed the legal relationship between herself and the defendant. Similarly, the Supreme Court standard, also being satisfied here, was set forth in Buchanan Board and Care Home, Incorporated v. West Virginia Department of Health and Human Resources, wherein it stated that material alteration of the legal relationship of the parties is necessary to permit an award of attorney's fees. As confirmed by this circuit in such cases as Dupuy v. Samuels, Uphoff v. Elegant Path, Ltd., and Palmetto Properties, Incorporated v. County of DuPage, the grant of summary judgment constitutes the judicial imperture necessary to confer prevailing party status. And here, again, summary judgment was granted in Mr. Fass' favor, such that he is a prevailing party under the Fair Labor Standards Act. Let me tell you the precedent I'm concerned about for the position that you articulate. We have a case called Franzen v. Ellis Corporation, Family Medical Leave Act case, 543rd F. 3rd 420 from 2008. The plaintiff, and it's the exact same any judgment formulation, I'll tell you that. You can take a look at it. The plaintiff there actually won at trial. They actually had a favorable jury verdict at trial.  And as a result, they had no judgment entered in their favor as a formal matter. And the court here said that last point was fatal. There's no actual judgment entered in favor of the plaintiff, and that's necessary as a statutory matter. So when I look at Franzen, and then there's no question. You're right. You definitely have a decision and an order in your favor. No doubt about it. You don't have a judgment. How do you get around that? Two points, I guess. Going back to what I said earlier, courts, including this circuit, haven't required that a judgment be entered in favor of the plaintiff. Other than Franzen? Other than Franzen. I guess I'm looking at it in the appellate state context specifically. Okay. You're all right to point that out. It's Family Medical Leave Act, but it's the same provision, the same any judgment formulation we're dealing with here. Sure. And I'm sorry, I think you said the date. Was that before or after Buckhannon? What's Buckhannon? Franzen's 08. I'll find it. Keep going. I'll find it. And the other thing I would say is that also if you look at a case, I know Palmetto Properties is looking at a different statute, but I think it is after. It's after. Buckhannon's 01. Okay. I think Palmetto Properties, even though it's a different statute, is similar in that what you have is you have an order, a summary judgment order that's granted. Essentially the court, in lieu of immediately entering judgment, holds it open for essentially the parties just to kind of figure out what sort of small piece that's left in Palmetto Properties. Wasn't the class action still pending too? No. Even though Mr. Fass filed it seeking to be certified as collective action, he ended up not doing it. But I mean it wasn't anything that wasn't disposed of though in the summary judgment. It wasn't disposed of for all intents and purposes. So the case, my point was the case was open. You couldn't have gotten the judgment as we referred to, couldn't have been entered. There were multiple things that could have still been done, which I'm referring to obviously in materials. But certainly at least as far as when the first motion was entered, conditional certification was still on the table as an option. Strategically he decided not to do it, but you're correct. It was something that had not been foreclosed upon. As far as, again, Palmetto Properties, the court made its decision in summary judgment, left it open because the defendant stated that it would repeal the zoning ordinance that was at issue. Once it did that, the court disposed of the case, but granted fees and costs. Here the district court said, you know, I'm agreeing. You know, cash depot is liable to Mr. Fass for unpaid overtime plus attorney's fees and costs. I'm not going to enter judgment because I want the parties to take a look at what's left. Specifically what the district court seemed to want the parties to review as far as from Mr. Fass to cash depot was where his attorney's fees and costs stood. As far as what Mr. Fass was supposed to review from cash depot, it was taking a look at the records for the calculations for the collective. That was an issue that the district court had in its November 7, 2017 decision in order it was at. There was a dollar amount that was supposedly paid to others besides Mr. Fass, but there were never any records or documents provided that would substantiate the exact amount or how it was calculated or anything like that. So the district court essentially made its decision but held it open so the parties could determine if there was any other substantive issue to be addressed. The parties did that. The parties exchanged the information. Ultimately, Mr. Fass concluded that using the calculation formula that the district court sanctioned had properly calculated the amounts owed to Mr. Fass' imputative collective and so there was no other issue as far as that was concerned. Now there was still the issue of fees and costs that were called for by the November 7, 2017 decision in order, and the parties were not able to resolve that which led to Mr. Fass filing his motion for fees and costs which was ultimately denied. And that then formed the basis that the district court's denial of attorneys' fees and costs to Mr. Fass then seemingly formed the basis for the court determining that there was nothing left in dispute and then entered dismissal of its claims. Obviously there was things that were still left including, as Your Honor mentioned earlier, judgment. The collective piece was out there. They didn't pursue it but it was there. But, you know, attorneys' fees and costs were there as well. So there was still forms of relief that the court could grant that it had not yet granted when it dismissed Mr. Fass' claims. I see him coming into my rebuttal time so I'm going to reserve for us. Thank you.  Good morning. May it please the court. I'm George Burnett and I represent Cash Depot. If I could pick up on your question, Your Honor. The absence of a judgment as the district court held is absolutely critical here. First because it is something that Section 216 of the Fair Labor Standards Act expressly calls for, but more importantly because it is also a prerequisite under the jurisprudence under prevailing party standards. If you look at the cases, including the Palmetto case that counsel just cited and this court's decision in the Zesser case, which narrowed and construed Palmetto, you will find that the key is an enforceable judgment. Mr. Fass didn't obtain an enforceable judgment here for the simple reason that there was none available. There was no enforceable judgment available because Mr. Fass had already been paid everything he was owed. The chronology as it existed was we answered the complaint. We retained an accounting firm to determine whether the allegations were correct. We found that we had underpaid Mr. Fass some $190. We doubled that for the liquidated damages in the statute to eliminate any possible claim. We found that we had also underpaid other members of the collective, and we found that we had underpaid non-exempt employees. So what we did was we paid everybody in the hope and expectation that we'd be able to extricate ourselves from a modest lawsuit that was going to be very expensive to defend. We paid about $32,000. The question Judge Kaney asked your adversary is concerning to me. What were they supposed to do? So all I mean by that is that November 2017 summary judgment order, not judgment, order, was unquestionably in Mr. Fass' favor, no doubt about it, just by its terms. And at that point or sometime thereafter, you all issued a check for the $13,000, right? No, and that's the important fact. We issued the check before we moved for summary judgment. Okay, okay. So he was not entitled to a judgment because a judgment is a declaration that the defendant owes the plaintiff some certain money. He's not entitled to a judgment that says you owe the plaintiff the money. He has a court order, though, right, that says his summary judgment motion is granted and that the amounts calculated are correct, that Cash Depot owes Fass the sum of $380 for the overtime plus the costs and reasonable attorney's fees, which I think through the discovery, that's how you guys got this $13,000 number. Right. Okay. Where's the check today? I assume it's with Mr. Fass. Would you honor it if he deposited it? We would, and as a matter of fact, he has told the district court that gave rise to the November 2018 ruling, we have been paid in full. We are entitled to no more relief. He would like more than $13,000, but the check hasn't, if it's out of time or something, you know how checks run out of time? Are you talking about the $13,000? I don't know. I'd have to ask my client if we would honor that because right now we have an order that says Mr. Fass is entitled to no attorney's fees. No, no, no. You have an order that says he is. You have a judgment that says he's entitled to nothing. Yes. Right. But at one point in time, had he deposited the $13,300, you wouldn't have fought that. No. We would have said fine. That's why we paid him. Our objective, Your Honor, was to get rid of this lawsuit. Right. So that's why I'm just asking you as a very practical matter, given the way the defendant handled this, by trying to get to the bottom of what went wrong with calculations, issuing checks, you know, quite diligently, I must say. The only question I had is just as a matter of fact, would you honor the $13,000 today? Probably not for the simple reason that our objective has not been met. We went through continued litigation, multiple motions, and we're now at the Seventh Circuit Court of Appeals fighting over fees, and they rejected the check. So you can't have it both ways. You can't say we will not accept your funds and now say, well, we'll take them after all after we've cost thousands and thousands of dollars. Does that answer your question? Yeah. Thank you. The threshold question for this court is not – Let me get back to that. So as far as you're concerned, you would tell your client don't – I mean, they don't pay the money. Yes, because my client has, as the judge pointed out, a judgment that says he owes nothing. So my legal advice would be the judgment is what controls. What if he went out to the clerk's office and cashed the check? Then that's an issue between my client and his bank. The threshold question is whether or not this summary judgment order was ever raised to the district court or whether it's an argument that has been forfeited. If you look at the district court's very careful opinion, you will find no discussion of that argument at all. Which one, the second one you're talking about? The second one, yeah. The law of the circuit is an argument not made to the district court is forfeited. It's waived. Now, so the strongest issue, the strongest point on that question is the district court's own interpretation, but there's more. The defendant, the plaintiff has cited page 6 of his brief, which is in the record at 45, as the only indication that the argument was made. I'd invite the court to review that record citation to see if the arguments the court's seeing today appeared then. The logical place to respond to the lack of a judgment argument would have been reply brief because I raised it expressly as my very first argument on response. The defendant didn't respond to it in their reply brief. As a matter of fact, I'll just read you two sentences as to what they said. In defendant's brief in opposition to motion for attorney's fees and costs, it incorrectly argues that in order to be a prevailing party under the Fair Labor Standards Act, a plaintiff must first obtain a judgment against the defendant in order to be entitled to attorney's fees. Then they continue. Rather, a plaintiff is a prevailing party in an FLSA case if his lawsuit was causally linked to relief obtained on behalf of himself and putative class and the defendant was not acting gratuitously because the suit was frivolous or groundless. That's the catalyst theory, and that's how the district court interpreted it. There isn't anything in there that says... Do you read Judge Griesbach's opinion? Do you read that November 08, the second opinion? Do you read Judge Griesbach to have intended to wipe out the 13? Yes. I read Judge Griesbach. Because I read the 8. I mean, maybe incorrectly, but I'll tell you how I read it. I read the November 2018, the second opinion, as just addressing attorney's fees on the kind of what you did voluntarily vis-a-vis the putative collective class. I suppose you could read it that way. That's not how I read it. I read it in context of the broad case, which is we offered paid $13,000. They rejected it. We moved to moot that the case was moot. We lost that. But they didn't reject it since the check's still, at least as far as we know, the check's still there. Well, I had argued that as part of my original motion on mootness. I said they've retained the funds. We have no access to them. Therefore, they have accepted it. That aspect of the case is moot. And the judge said no. But that's not what he did. He didn't say that in the order. He said that expressly in the November 2017 order. And I don't think he addressed that subject in the 2018 order. I see my time is up. Thank you. Thank you, Mr. Turner. Thank you, Your Honors. For clarification, the checks are in the folder on the table. So that's where they are. Checks on the table? Checks on the table. Matt, this is a little bit off track, but, I mean, you just held the check because ideally you want more than $13,000. When we got the check, there was still a whole lot going on. You had other things going on. Right. And then ultimately we had to respond to the motions that were filed against us and everything else. And then we got an order on the other side that said, you're entitled to your reasonable attorney's fees and costs. We then asked Cash Depot. Well, actually, we presented them with the information showing this is what they are now. So before you walked into the courtroom today, did you think you could still deposit the $13,000? No, it would have expired. Well, okay. But you would have called him on the phone and said, look, I didn't prevail on appeal, but issue me a new check? Could have. I don't know what the answer would have been. I know now. Yeah. Yeah. All right. You want five minutes to go out in the hall and settle? We tried. We tried the conciliation. As far as the judgment issue, just circling back on that, just a couple points in the FMLA case that you cited. I think you said that there was no damages awarded. Right. I would argue that's different here because we have an order that's specifically awarding damages to Mr. Fass, as well as his reimbursement of his fees and costs. There is a difference there. And then from a more practical standpoint, plaintiff's attorneys have an incentive to take FLSA cases, which oftentimes are not any sort of extravagant sums. There's cases that can be as worth as a couple hundred dollars. If we're talking on a collective basis, you can literally have people who are in the putative collective world sense. But they take cases essentially knowing that if they prevail, then they will be awarded their reasonable attorneys' fees and costs. They don't take a case thinking that if they get summary judgment grants in their favor and they get an order saying you're going to get your fees and costs, that they're going to end up with nothing, and then get a judgment saying you get nothing. And I think that's important. And also, as far from, again, a more practical standpoint when it comes to there being any sort of requirement of a judgment, it is routine in these cases that if they do have any sort of merit to them and the parties are able to resolve it, they do seek approval of that followed by oftentimes, unless the parties can agree to a number in the settlement agreement itself, a motion for attorneys' fees and costs. If there would be a requirement that they have to obtain a judgment in order to get that, that would not exist and essentially would undo more or less this practice as a field as we know it right now. Would you explain that to me again? Sure. So when parties enter into settlement agreements involving FLSA matters, they require judicial approval in order to approve the release of claims. Unless the parties specifically enter into a dollar amount in the settlement agreement, the common practice is to essentially just agree to a dollar amount for the plaintiff or the collective or whomever, and then separately then, once that receives approval, move for attorneys' fees and costs. So they kind of bifurcate the process with the individuals being decided first through the settlement and then there being a decision on the release. So you do break it into judgment, then attorneys' fees. But it's not a judgment. I mean, essentially you get more or less a consent decree. You get the judgment after you get the motion for fees and costs approved. That's where the judgment comes in is after the fee. It's the same thing. I mean, you get the resolution of the case and then the termination of attorneys' fees. Yeah, and to be fair here, if you look at kind of the procedural history, when after summary judgment was granted and Mr. Fass moved for his fees and costs, in his proposed order that he attached to that, he sought judgment and closure of the case just as you would if there was an approved settlement. So this case isn't any sort of necessarily outside of what happened in the end, I guess. It's necessarily any sort of outlier in that the judgment didn't precede any sort of decision on attorneys' fees or costs. And that's just not how these cases are handled. That's not how it's practiced. Unless your honors have any other questions, I don't have anything else. And I, again, just ask that this court reverse the district court's decision in order and reverse the remand. Thank you. Thanks to both counsel. Case is taken under advisement.